JOHN SHERIDAN *vs.* DANIEL E. IRELAND and logs marked NXVIIXI.

*Lien claim—notice of imperatively necessary.*

When a party is seeking to enforce the lien upon logs or lumber given by statute the requirement of R. S., c. 91, § 35, that such notice of the suit shall be given to the owner of the logs or lumber as the court orders, is imperative and must not be disregarded.

The giving of such notice cannot be dispensed with though there may be an appearance upon the docket of parties claiming to own the logs or lumber.

The court cannot judicially know or determine whether such claimants are or are not the owners without giving a notice that shall be binding upon the owner whoever he may be.

The notice to be ordered in all such cases should be a public notice by posting or publication as well as a specific notice to parties supposed to be the owners.

To enforce a statute lien the course prescribed by the statute is to be strictly pursued.

ON AGREED STATEMENT OF FACTS.

This was an action of assumpsit to enforce a lien for labor upon a quantity of logs in Penobscot river, marked N, cross, V, two notches, cross, notch (NXVIIXI), and against Daniel E. Ireland, as employer and principal defendant, upon an account annexed, for cutting and hauling the logs, seventy-six days' work at a dollar *per diem*, $76.00, which labor was the basis of the lien claimed.

These facts were admitted to be truly stated in the writ. At the term of the entry of this action in court Whiting S. Clark, a counsellor of this court, as attorney for the firm of Shaw & Ayer, " claimants as log-owners," appeared and answered to the suit. The officer attached these logs within sixty days after their arrival at their place of sale and destination and delivered them to " the above-named claimants or owners " on their giving a receipt therefor. No notice of the lien claim, under R. S., c. 91, § 35, was given or ordered by the court.

The court, drawing all proper inferences from these facts, were to enter such judgment as the legal rights of the parties required.

*Lewis Barker*, for plaintiff, relied on *Bean* v. *Soper*, 56 Maine, 297.

*W. S. Clark*, for Shaw & Ayer, claimants.

Plaintiff must show that the logs attached are identical with those on which he labored. 56 Maine, 297; *Thompson* v. *Gilmore*, 50 Maine, 428.

This case not like *Bean* v. *Soper*, but like that in 50 Maine, 428. It is only admitted that the officer is commanded to attach the logs on which Sheridan labored; not that he did do it.

There was no notice to owners as required by R. S., c. 91, § 35. An appearance by certain persons as claimants does not obviate the necessity for such notice. *Perkins* v. *Pike*, 42 Maine, 141; *Redington* v. *Frye*, 43 Maine, 585; *Wilson* v. *Ladd*, 49 Maine, 73.

BARROWS, J. The case is presented upon an agreed statement of facts not essentially different from those reported in *Bean* v. *Soper*, 56 Maine, 297, except in one particular.

There, it appears by the opinion that all parties interested had been summoned. Elsewhere it is stated that the owners of the logs were duly notified and appeared. As we understand that case, the notice required by the statute which provides these liens and regulates the mode in which they are to be enforced was duly given.

Here, no notice ordered by the court was given, but at the term at which the writ was returnable an attorney, representing the firm of Shaw & Ayer, styled, in the agreed statement, " claimants as log-owners," appeared and answered to the action. Elsewhere in the agreed statement they are spoken of as " owners or claimants." If we could have judicial knowledge that Shaw & Ayer were in fact the owners as well as the claimants of the logs we should see little occasion to trouble ourselves about the sufficiency of a notice which, so far as they are concerned, at least, was effectual in causing their appearance, since which there have been two general imparlances at *nisi prius*, and no complaint of any defect of notice until the case is presented here for a hearing.

Nor would there be any difficulty, if the required statute notice had been given, in our drawing the inference, in the absence of anything tending to a different conclusion, that the logs described in the declaration and in the officer's return were the identical logs upon which the plaintiff worked and had a lien. Enough, at all events, is admitted to make a *prima facie* case for the plaintiff so far as the parties who have appeared are concerned.

But under all the practical difficulties which inevitably attend the enforcement of liens upon one man's property for the debt of another, we do not think it sound policy to dispense with any of the statute requirements. In the absence of notice we can render no judgment that would protect the officer in making sale of these logs, if it turned out that Shaw & Ayer were not the owners, but only the claimants, which is all that this case really shows.

Any loose practice with regard to these liens must almost certainly result in litigation. The Legislature have prescribed a definite and simple mode by which the logs can be appropriated as against all the world to the payment for the work which has been done upon them. When notice, such as is contemplated in the statute, to all interested as owners in the logs attached, has been given, a valid judgment can be rendered which will not subject innocent parties acting under it to further litigation. Much ingenuity is yearly expended in devising " how not to do " what the law requires. It is a work to which the court cannot lend its aid.

In the case before us the defect of notice is the only real defect to which our attention has been called. For reasons already adverted to it is one of which the parties who appear here to defend cannot complain. Justice obviously requires that the agreed statement should be discharged and the case remanded to the court at *nisi prius* to enable the plaintiff to proceed regularly to enforce his lien according to the statute. R. S., c. 91, § 35. In the very nature of things that notice must always be a public notice as well as a specific notice to parties supposed to be the owners, because the court can never determine who are owners upon the mere suggestion of the plaintiff or of those who appear as claimants, and who may or may not be the owners who must be notified in conformity with the statute in order to have a valid judgment. We cannot proceed to determine who are the owners until such notice has been given as will bind the owners whoever they may be. *Agreed statement discharged.*

*Case remanded for notice to the log-owners.*

APPLETON, C. J.; CUTTING, WALTON, DICKERSON, and PETERS, JJ., concurred.